[Crim. No. 1176. In Bank.—September 10, 1904.]

## In Re WILLIAM B. KENNEDY, on Habeas Corpus.

Habeas Corpus—Indictment—Sufficiency of Evidence.—Upon *habeas corpus,* the sufficiency of the evidence before the grand jury to warrant an indictment is not a proper subject of inquiry, and cannot be considered.

Id.—Statute Permitting Evidence to be Taken—Rule Forbidding Inquiry not Affected.—The fact that section 925 of the Penal Code now permits the district attorney, if he chooses, to have the evidence before the grand jury taken by a stenographer, and that, if taken, a copy is to be given to the defendant upon arraignment, does not affect the rule that the court cannot inquire into the sufficiency of the proof or the mode of cross-examining witnesses, to invalidate an indictment.

Id.—Basis of Rule.—The rule forbidding such inquiry is not based upon the fact of secrecy of the proceedings before the grand jury, but is based on the conclusiveness of the record of the final action of the grand jury as a judicial body, which is not appealable or revisable for insufficiency of the evidence to support it.

Id.—Identity of Evidence—Former Decision as to Insufficiency.— The identity of the evidence taken before the grand jury under another indictment, with that which was held by this court insufficient to warrant a conviction under a former indictment for the same offense, upon an appeal by the people from an order granting a new trial to the petitioner, cannot form a basis for a discharge of the petitioner upon *habeas corpus* when held to answer under the new indictment.

PETITION for discharge under Habeas Corpus by a defendant held by the sheriff under an indictment by the grand jury filed in the Superior Court of the City and County of San Francisco. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

A. S. Newburgh, and William H. Schooler, for Petitioner.

I. Harris, for Sheriff, Respondent.

McFARLAND, J.—This is a petition to this court in behalf of William B. Kennedy for his discharge on *habeas corpus*. The writ issued, and upon the return of the sheriff, who holds Kennedy, the matter was heard and submitted.

The petition sets forth a large number of arrests of Kennedy on various charges, and subsequent discharges from such arrests by superior court judges on *habeas corpus;* but while these various proceedings may tend to support the contention that these prosecutions were somewhat in the nature of persecutions, they are irrelevant to this present case. Kennedy is now held under a warrant of arrest regularly issued upon an indictment found against him by a grand jury charging him with murder. There is no question of the regularity of the formation of the grand jury, or that the requisite number of jurors acted on the indictment, or as to any other matters touching the general jurisdiction of the grand jury to find the indictment here in question, or that it does not charge a public offense, or as to any deficiency of the indictment in the matter of form or substance. His claim to a discharge is founded on these facts: He was once before tried on a former indictment for the same alleged crime as the one charged in the present indictment; on the former trial he was convicted, but the superior court granted him a new trial on the ground of the insufficiency of the evidence to warrant the verdict, because there was no evidence supporting the charge except the uncorroborated testimony of an accomplice; the people took an appeal from the order granting a new trial, and this court affirmed the order, deciding that the only direct testimony against Kennedy was that of an accomplice, and that there was no sufficient corroborating evidence, and intimating that the testimony of the accomplice himself would not have been sufficient, even if the law did not require corroborating evidence. After the *remittitur* had gone down, the prosecution not being able to state its ability to furnish additional evidence, the court dismissed the indictment under section 1385 of the Penal Code, and ordered Kennedy discharged from custody. Afterwards the grand jury found and returned the said indictment un-

der which he is now held. The testimony introduced before the grand jury upon which the last indictment was found was, on demand of the district attorney, taken down and written out by a stenographer, under section 925 of the Penal Code as amended in 1897 (Stats. 1897, p. 204), which provides that the testimony should be so taken if the district attorney demands it, and that a copy of it shall be given to the defendant upon his arraignment. This testimony is made part of the petition in this present proceeding, and it is contended by petitioner that it is the same testimony that was given at the former trial, which was held by this court to be insufficient to support a verdict of guilty, and that therefore it was insufficient to justify the grand jury in finding a second indictment. And this is the sole ground on which the discharge of Kennedy is asked for on this present proceeding.

We think it clear that upon *habeas corpus* the sufficiency of the evidence before a grand jury to warrant an indictment is not a proper subject of inquiry. If it could be inquired into in this case it could be in any case, and the writ of *habeas corpus* would, for this purpose, be turned into a writ of review for the purpose of inquiring whether the grand jury committed an error reversible on appeal, and an entirely new field of litigation in criminal cases would be opened up, and few indictments would come to trial without this preliminary contest. But there is no such appeal, and no provision for reviewing the action of a grand jury in finding an indictment. Upon *habeas corpus* we can look only to the matters hereinbefore indicated; we cannot look to the sufficiency of the evidence on which it acted, for as to that matter its action is conclusive. There are no cases decided by this court which are directly in point, this being the first time, within our knowledge, where the validity of an indictment has been attacked upon mere ground of insufficiency of evidence to support it; although in *People* v. *Tinder*, 19 Cal. 539,[1] it was held that for the purpose of determining whether an indicted party should be admitted to bail, the evidence taken before the grand jury could not be considered, and in *Ex parte Sternes*, 82 Cal. 245, although the point was not necessarily involved, it is correctly stated in the opinion of Mr. Justice Fox that an indictment is a charge "made by a

[1] 81 Am. Dec. 77, and note.

judicial body,'' and that it is held so conclusive that for cen-
turies, until an information was recently allowed in this
state, all courts have been powerless to put a man on trial for
a felony except upon indictment, ''or to dismiss one without
trial who had been in proper form so charged.'' But in
other jurisdictions the question has been directly raised, and
we are satisfied that the law always has been and is as stated
in Bishop on Criminal Procedure (sec. 872), that ''the court
cannot inquire into the sufficiency of proof, or the mode of
examining witnesses, to invalidate an indictment.'' (See
*State* v. *Boyd,* 2 Hill (S. C.) 6;[1] *Smith* v. *State,* 61 Miss.
759; *Hight* v. *United States,* 1 Morris, 407;[2] *United States*
v. *Reed,* 2 Blatchf. 437; *Hammond* v. *State,* 74 Miss. 214,
and cases there cited.) In *United States* v. *Reed,* 2 Blatchf.
437, it is said: ''No case has been cited, nor have we been
able to find any authority for looking into and revising the
judgment of the grand jury upon the evidence, for the pur-
pose of determining whether or not the finding was founded
upon sufficient proof''; and in *Hammond* v. *State,* 74 Miss.
214, it is said: ''The doctrine appears to be general that the
court cannot inquire into the sufficiency of the proof to
invalidate an indictment.'' There are many other authorities
to the same point. The statutes of the states where the decis-
ions above referred to were made do not differ materially
on the subject of grand juries and indictments from those
of this state.

The fact that section 925 of the Penal Code now allows the
district attorney, if he so desires, to have the testimony given
before a grand jury taken by a stenographer, does not affect
the rule as above stated. It is true that judges and text-
writers when stating the rule have sometimes alluded to the
secrecy of proceedings before the grand jury and the diffi-
culty of proving what the evidence before a grand jury was;
but the rule itself does not rest upon these considerations.
An indictment is a record of the action of a judicial body,
and such action is final when there is no appeal therefrom
and no other method provided for revising it; and there is
no method for revising it on the ground that there was not
sufficient evidence to support it. The provision that a party
who has been ''committed'' without probable cause may be

---

[1] 27 Am. Dec. 376.          [2] 43 Am. Dec. 111.

discharged refers to the preliminary commitment by a magistrate. (See *Ex parte Sternes*, 82 Cal. 245.) The provision of section 925 is evidently for the benefit of the district attorney—probably for the purpose of preventing witnesses of a certain character from safely giving testimony before the trial jury different from that which they had given before the grand jury; but the district attorney need not have a stenographer before the grand jury, and clearly the provision does not change the rule as above stated. The provision of section 921 of the Penal Code that a grand jury "ought to" find an indictment upon certain evidence is "plainly only matter of advice to the jury." (*State* v. *Boyd*, 2 Hill (S. C.) 6.[1]) The case of *Ex parte Jenkins* (2 Wall. Jr. 521), cited by petitioner, is not in point. That case involved a conflict between federal and state courts under the Fugitive Slave Law. A law of Congress provided that judges of federal courts should have the power to issue writs of *habeas corpus* where prisoners were confined "on, or by *any authority of law*, for any act done or omitted to be done in pursuance of the law of the United States, or any order, process, or decree of any judge or court thereof." In that case the prisoners were held under an indictment in the state court which merely charged them with riot and assault to kill, and contained no intimation that the parties indicted were officers of the United States and did the things alleged while acting in pursuance of an act of Congress; and the federal court merely held that the act of Congress could not be evaded by the artifice of an indictment in the state court which did not disclose the facts which brought the case within the operation of the law of Congress. That law included cases where federal officers were held under "any authority of law"—whether by the interposition of a grand jury or otherwise.

Said Kennedy is remanded to the custody of the sheriff and this writ is discharged.

Shaw, J., Angellotti, J., Van Dyke, J., Beatty, C. J., and Lorigan, J., concurred.

[1] 27 Am. Dec. 376.