[S. F. No. 4859. In Bank.—November 13, 1907.]

W. I. BROBECK, Petitioner, v. SUPERIOR COURT OF
THE STATE OF CALIFORNIA, IN AND FOR THE
CITY AND COUNTY OF SAN FRANCISCO, et al.,
Respondents.*

PROHIBITION DOES NOT LIE RESTRAINING TRIAL UNDER INDICTMENT RE-
TURNED WITHOUT EVIDENCE.—Prohibition will not lie to restrain the
superior court from proceeding with the trial of the petitioner upon
an indictment found by a grand jury on the ground that there was
absolutely no evidence produced before the grand jury tending to
show him to be guilty of any public offense.

APPLICATION for a Writ of Prohibition directed to the
Superior Court of the City and County of San Francisco.
Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Frank D. Nicol, and A. F. Morrison, for Petitioner.

W. H. Langdon, District Attorney, Wm. Hoff Cook, Assist-
ant District Attorney, and Charles W. Cobb, for Respondents.

THE COURT.—This is an application for a writ of prohibi-
tion to restrain the superior court from proceeding with the
trial of petitioner upon an indictment found by a grand jury.
In addition to the point made in *Halsey* v. *Superior Court,
ante,* p. 71, [91 Pac. 987], petitioner claims that there was
absolutely no evidence produced before the grand jury tending
to show him to be guilty of any public offense. His contention
is that an indictment found and presented without any evi-
dence to warrant it is a nullity, and that the superior court is
without jurisdiction to proceed thereon. It is, however, settled
that an indictment may not be assailed on this ground. This
question was fully considered in *In re Kennedy,* 144 Cal. 634,
[103 Am. St. Rep. 117, 78 Pac. 34]. The court there said,
speaking through Mr. Justice McFarland: "An indictment
is a record of the action of a judicial body, and such action
is final when there is no appeal therefrom and no other method
provided for reversing it; and there is no method for revising

---

* The indictment referred to in this opinion was subsequently dismissed
by the superior court of the city and county of San Francisco upon motion
of the district attorney on the ground "that there is no evidence sufficient
to put said W. I. Brobeck on his defense to said charge," and "that in the
interest and furtherance of justice the said indictment as to said W. I.
Brobeck should be dismissed and he discharged."—THE COURT.

it on the ground that there was not sufficient evidence to support it.'' That was a proceeding in *habeas corpus,* but there is no distinction material here between *habeas corpus* and prohibition. We are satisfied that the Kennedy case correctly states the law upon this matter, and that the rule there declared is applicable here. It follows that, so far as this proceeding is concerned, it is immaterial that there may have been no evidence introduced before the grand jury tending to show petitioner guilty of a public offense.

The application must be denied and it is so ordered.