[Crim. No. 497.   First Appellate District.—July 22, 1914.]

## THE PEOPLE, Respondent, v. PETER PANAGŌIT, Appellant.

CRIMINAL LAW—PRESENTATION OF FALSE CLAIM TO INSURANCE COMPANY—SUFFICIENCY OF INDICTMENT.—An indictment charging a violation of section 549 of the Penal Code, which makes it a crime to present a false claim of loss to a fire insurance company, is not demurrable because of failure to allege that the presentation of the claim was made to a regularly constituted court of justice.

ID.—PERSON TO WHOM CLAIM PRESENTED—GIST OF OFFENSE.—The stat-
ute is not confined to claims arising in courts of justice, but in-
cludes the presentation to any person who might be cheated or
defrauded thereby. The intent to defraud is the gist of the offense;
and the design of the legislature was to provide a punishment for
the presentation of false fire claims with the intent to defraud,
irrespective of the person to whom such claim might be presented.

ID.—INDICTMENT—FAILURE TO SHOW COUNTY WHEREIN CLAIM WAS
PRESENTED.—The validity of the indictment for such offense cannot
be questioned because the testimony taken before the grand jury
fails to show that the presentation of the claim was made in the
county wherein the indictment was found.

ID.—SUFFICIENCY OF EVIDENCE BEFORE GRAND JURY—INQUIRY INTO BY
COURT.—Courts cannot, in the absence of a statute permitting it,
inquire into the sufficiency of the evidence upon which the grand
jury acted, in order to invalidate an indictment returned by it.

ID.—EVIDENCE—VOLUNTARY STATEMENTS MADE BY DEFENDANT TO AT-
TORNEYS OF INSURANCE COMPANY.—In a prosecution for presenting
a false claim of loss to a fire insurance company, voluntary state-
ments in regard to his claim, made by the defendant in the office
of the attorneys for the insurance company before his arrest and
at a time when he understood his inquisitors had no authority to
question him, are admissible in evidence.

ID.—PROTECTION OF WITNESS AGAINST INCRIMINATING TESTIMONY—
INTERPRETATION OF SECTION 1324 OF THE PENAL CODE.—Section
1324 of the Penal Code is in the nature of remedial legislation, and
its purpose is to extend protection to witnesses in proceedings other
than in the course of criminal prosecutions or other actions, in order
that the inquiry for which the tribunals were created may not be
impeded or their investigations frustrated through the fear of wit-
nesses that their testimony may incriminate themselves; but it can
have no application to an inquiry which is not based or held upon
legal authority.

ID.—PROOF OF CORPORATE CHARACTER OF INSURANCE COMPANY—EFFECT
OF GENERAL REPUTATION.—In a prosecution for presenting a false
claim of loss to a fire insurance company, testimony as to the gen-
eral reputation of the company for doing an insurance business is
sufficient to show that it is a corporation.

ID.—INSTRUCTION AS TO PRESENTATION OF CLAIM—STATEMENT OF EVI-
DENCE.—An instruction to the jury that a presentation of a claim
was made is not erroneous, where the defendant has admitted such
fact.

ID.—UNFAMILIARITY WITH PREPARATION OF CLAIMS FOR LOSS—EVI-
DENCE TO REBUT.—Evidence tending to show that on other occasions
and under different names the defendant suffered losses from fire

and prepared proofs of loss, is admissible to rebut his contention that he was unfamiliar with the preparation of such claims.

ID.—EVIDENCE OF OTHER CRIMES—WHEN ADMISSIBLE.—While ordinarily evidence of another offense is not admissible in a criminal prosecution, yet, whenever the case is such that the proof offered in support of the charge tends also to prove the commission of another offense, such proof is admissible; and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion.

ID.—ARGUMENT OF DISTRICT ATTORNEY—REFERENCE TO ARSON—NON-PREJUDICIAL ERROR.—Remarks of the district attorney in his argument to the jury, indicating that the defendant has committed arson, do not justify a reversal of the judgment of conviction, if the evidence establishes his guilt.

ID.—MISCONDUCT OF COUNSEL—NECESSITY OF TIMELY OBJECTION AND EXCEPTION.—It is the duty of counsel for the defendant, when the district attorney indulges in improper remarks during his argument, to call the attention of the court thereto then and there, so that the court may advise the jury to disregard them; it is too late to raise the question for the first time on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   George H. Buck, Judge presiding.

The facts are stated in the opinion of the court.

Henry B. Lister, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant herein was convicted of fraudulently presenting a false claim of loss by fire to the Liverpool, London and Globe Insurance Company; and this appeal is taken from the judgment of conviction and from the order denying defendant's motion for a new trial.

The indictment charged defendant, together with G. A. Levy and C. G. Patric, with violating the provisions of section 549 of the Penal Code of this state, and recited that, on the 17th day of December, 1912, G. A. Levy obtained and procured a contract of insurance against loss by fire to the amount of three thousand dollars, in said insurance company, on a stock of merchandise, household furniture, and other personal property contained in a store and dwelling situated in Albany,

county of Alameda; that, on the twenty-sixth day of December, 1912, the said Levy sold the property so insured to the defendant, and assigned and delivered to him the contract of insurance; that, shortly thereafter and on the twenty-eighth day of December, 1912, a fire occurred at the said premises and the property so insured was destroyed.

The indictment further alleged that at the time of its destruction as aforesaid, the property so insured did not exceed in value the sum of one thousand five hundred dollars, and that the defendant well knew this; and that, notwithstanding such fact, and desiring and intending to cheat the said insurance company out of the sum of money exceeding the actual value of the insured property, defendants willfully and unlawfully presented a false and fraudulent claim of loss in the sum of three thousand dollars, knowing at the time that the value of the property did not exceed the sum of one thousand five hundred dollars.

Defendant Panagoit demanded severance, and was separately tried, convicted, and sentenced to eighteen months' imprisonment in San Quentin.

Upon his arraignment, defendant demurred to the indictment, claiming that the facts stated in the indictment did not constitute a public offense, and later the same question was raised on motion in arrest of judgment.

It is argued by defendant in support of these contentions that, by reason of the fact that the statute is silent as to the person to whom a presentation of loss should be made in order to constitute the offense, the statute is incomplete, and can only be given the interpretation that the presentation is to be made in a regularly constituted court of justice.

The section reads as follows:

"Every person who presents or causes to be presented any false or fraudulent claim, or any proof in support of any such claim, upon any contract of insurance for the payment of any loss, or who prepares, makes, or subscribes any account, certificate of survey, affidavit, or proof of loss, or other book, paper, or writing with intent to present or use the same, or allow it to be presented or used in support of any such claim, is punishable by imprisonment in the state prison not exceeding three years, or by a fine not exceeding one thousand dollars, or by both."

While it is true, as claimed by defendant, that the statute does not expressly designate to what person or persons the presentation should be made, nevertheless it is not meaningless or incomplete for that reason.

Respondent argues, and justly so, that the statute broadly includes any and every person, firm, or corporation who may or might be liable under a contract of insurance for the payment of the claim, and that the statute is not confined to claims arising in courts of justice, but includes the presentation to any person or persons or any agent of person or persons who might be cheated or defrauded thereby. The intent to defraud is the gist of the offense; and the design of the legislature was clearly to provide a punishment for the presentation of false fire claims with intent to defraud, irrespective of the person to whom such claim should be presented.

Defendant further contends that the testimony taken before a grand jury was insufficient to support an indictment, for the reason that in no part of the evidence was it shown or testified to, that the presentation of the false claim to the insurance company or to any other person, was made in the city and county of San Francisco; and for that reason there is nothing to confer jurisdiction upon the superior court of Alameda County. This contention cannot be maintained. There is no provision in our law for thus reviewing the action of a grand jury in finding an indictment. The validity of an indictment cannot be attacked upon the mere ground of insufficiency of evidence to support it. Courts cannot, in the absence of a statute permitting it, inquire into the sufficiency of the evidence upon which the grand jury acted, in order to invalidate an indictment returned by them. (*In re Kennedy,* 144 Cal. 634, [103 Am. St. Rep. 117, 67 L. R. A. 406, 78 Pac. 34].) The indictment cannot be assailed on this ground. (*Brobeck* v. *Superior Court,* 152 Cal. 289, [92 Pac. 646].)

It is also claimed that there was no evidence introduced at the trial to prove this fact.

An examination of the record does not sustain this claim. The adjuster for the insurance company testified that, after the defendant had made out the proof of loss upon the blank furnished him by such adjuster, the defendant gave it to the company. He further testified that defendant had informed

him that he had so done, and that the company had subsequently sent it to him. Besides this the defendant himself testified that he took it to the company after he had presented it. From all the evidence upon the subject, it sufficiently appears that defendant presented the proof of loss to the company at its office, which was situated at Leidesdorff and California streets, in the city and county of San Francisco.

Another ground urged for reversal is that a certain so-called deposition was introduced in evidence before the grand jury, which contained nothing to show that the defendant was instructed as to his rights as required by section 1324 of the Penal Code, and that, for this reason, he should be exempted from prosecution.

This so-called deposition consisted of certain voluntary statements made by defendant in the law offices of Goodfellow, Eells & Orrick, attorneys for the insurance company, concerning his claim, which statements were taken down in shorthand by a shorthand reporter, but the examination was not authorized, nor was it ever completed, the defendant having left the state during its progress; and his arrest upon this charge shortly followed.

The Penal Code (sec. 1324) provides in substance that any person offending against any of the provisions of that code or against any law of this state is a competent witness against any other person so offending, and may be compelled to testify upon any trial, hearing, proceeding, or lawful investigation or judicial proceeding in the same manner as any other person, and if such witness demands that he be excused on the ground that his testimony will incriminate himself, he shall not be excused from testifying but shall not thereafter be liable to prosecution based upon such testimony. The section further provides that its protecting parts shall not apply, where the privilege is not claimed, but such privilege is deemed to have been claimed unless the judge, foreman, or other person reads distinctly this section of the code to the witness. The section was passed by the legislature in 1911. Prior to its enactment our supreme court, in the case of *People* v. *Weiger*, 100 Cal. 352, [34 Pac. 826], decided that voluntary admissions made by a witness in a criminal action when he is not in custody and has not been charged with a criminal offense, are competent evidence against him in a criminal prosecution subsequently inaugurated against him. In *Com-*

*monwealth* v. *Bradford,* 126 Mass. 42, it is held that on the trial of an indictment the voluntary testimony of a defendant before a fire inquest, reduced to writing and signed, and at a time when no criminal prosecution was pending against the defendant, was admissible against him.

The section of the Penal Code last referred to is in the nature of remedial legislation, and its purpose was undoubtedly to extend protection to witnesses in proceedings other than in the course of criminal prosecutions or other actions, in order that the inquiry for which the tribunals were created might not be impeded or their investigations frustrated through the fear of witnesses that their testimony might incriminate themselves; but it certainly can have no application to an inquiry which is not based or held upon legal authority, such as the one under consideration. The witness was not obliged to answer, and he understood that he could not be compelled so to do, for he refused to answer many of the questions put to him, giving as his reasons for such refusal that his inquisitors had no authority to question him. His statements given in support of his claim were therefore voluntary, and admissible against him. Besides this the instrument appears to have been admitted in evidence in the trial under stipulation.

The further claim that there is no proof that the insurance company to whom the false claim was made was a corporation is without merit. The witness Eitel testified as to the general reputation of the corporation for doing an insurance business, which is sufficient. (10 Cyc. 241; 7 Am. & Eng. Ency. of Law, p. 661.)

Defendant also complains of the action of the court in instructing the jury that a presentation had been made, but this fact the defendant himself admitted. This was a mere statement of the evidence, and is not erroneous. (*People* v. *Christensen,* 85 Cal. 569, [24 Pac. 888]; *People* v. *Casey,* 65 Cal. 260, [3 Pac. 874].)

Finally, objection is made to the alleged misconduct of the district attorney in referring to the crime of arson in his argument; and to the allowance of questions during the trial tending to show that the fire which destroyed the insured property was of incendiary origin. In attempting to rebut the claim of the defendant that he was unfamiliar with the preparation of claims of loss, the district attorney did offer evi-

dence to show that, on other occasions and under other different names, defendant had suffered losses by fire, and that, on those occasions, he had prepared proofs of loss. The court in admitting the evidence instructed the jury to dismiss from their minds all evidence of former fires claimed to have been had by the defendant; and stated that such evidence was confined to and was admitted for the sole purpose of rebutting defendant's testimony as to his lack of knowledge in the preparation of a fire claim. While ordinarily evidence of another offense cannot be given in evidence, yet, whenever the case is such that the proof offered in support of the charge tends also to prove the commission of another offense, such proof is admissible; and the fact that it may tend to prejudice the defendant in the minds of the jurors is no ground for its exclusion. (*People* v. *Ebanks,* 117 Cal. 652, [40 L. R. A. 269, 49 Pac. 1049].)

Assuming that the remarks of the district attorney in his argument would indicate that the defendant had committed the crime of arson, the question then arises whether such error is sufficient to justify a reversal of the judgment. It was the duty of the counsel for the defendant to call the attention of the court to improper remarks then and there, so that the court might have advised the jury to disregard them. It is too late to raise such question for the first time on appeal. (*People* v. *Kramer,* 117 Cal. 647, [49 Pac. 842]; *People* v. *Ruef,* 14 Cal. App. 576–619, [114 Pac. 48, 54].) The record shows no such objection. Counsel for the defendant insists that the objection was made, but the record does not support him in this assertion, and we are bound by it. Moreover, under section 4½ of article VI of the constitution it would be our duty to affirm the judgment of conviction. The evidence shows beyond all question that the defendant and Patric conspired to defraud the insurance company by presenting a false claim of loss. Patric and Levy were one and the same person. Upon the loss of the property Patric solicited and procured from some of the firms where he had purchased merchandise bills representing purchases greatly in excess of the actual deliveries. These, with other bills which falsely represented merchandise purchased of certain firms, where none had been purchased, were used and formed the basis of the claim filed by defendant, who testified that he had seen all this property, which had no existence, go into the premises.

These, and other facts disclosed upon a review of the entire record, including the evidence, so far from showing that there has been a miscarriage of justice, tend strongly to prove the guilt of the defendant and that no other verdict could have been reached if the alleged error had not been committed.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.