FLORES, PETITIONER AND APPELLANT, v. PEOPLE, CONTESTANT
AND APPELLEE.

APPEAL from the District Court of Mayagüez in Habeas
Corpus Proceedings.

No. 1906.—Decided May 23, 1922.

MURDER—INDICTMENT—HABEAS CORPUS—BAIL.—When a grand jury has found
an indictment for murder the sufficiency of the evidence can not be attacked
by habeas corpus in order to obtain bail.

The facts are stated in the opinion.

Messrs. P. Baigés Gómez and F. Jiménez Rivera for the
appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Pedro Flores filed a petition for a writ of habeas corpus
in the District Court of Mayagüez for the purpose of ob-
taining his temporary liberty on bail.

The writ was issued and at the hearing it was shown that
Flores was in the custody of the warden of the jail of Ma-
yagüez by virtue of an order of the district attorney for
his arrest to answer the charge of having killed a human
being, Fernanda Brito, with malice aforethought on the 6th
of November, 1921. It was also shown that when the peti-
tion was filed a grand jury had found an indictment against
Flores charging him with the crime of murder.

The court required the district attorney to produce evi-
dence of some kind and the district attorney produced three
witnesses who testified that while Fernanda Brito was en-
gaged in conversation with other persons Flores shot her in
the back. The district attorney asked the court for a recess
of five minutes in order to call a physician who would testify
that Fernanda Brito had died as a result of the wound in-
flicted upon her. The court overruled the motion. The pe-
titioner's attorney admitted that Fernanda Brito had died

and then stated that his admission did not include an admission that she died as a result of the wound.

The court took the case under advisement and decided against the petitioner, holding that there was sufficient cause for keeping him in custody and refusing to grant his release on bail. From that decision of the court the petitioner took the present appeal.

In his brief the appellant maintains that the court committed grave error in weighing the evidence because it did not establish that Fernanda Brito had died as a result of the wound inflicted upon her, and that, therefore, Flores could not be charged with murder in the first degree and kept in custody against his right to be released on bail. The petitioner further maintains that in no manner did it appear that there was sufficient evidence or a strong presumption that he was guilty of murder in the first degree.

If the decision of this case depended only upon the evidence produced by the district attorney the appellant would be right, for that evidence showed that with malice aforethought the petitioner shot a woman in the back, but not that his victim died as a result of the wound. But it was shown also that a grand jury had found an indictment for murder against the petitioner, and this settles the question.

Section 372 of the Code of Criminal Procedure provides as follows:

"A defendant charged with an offense punishable with death can not be admitted to bail when the proof of his guilt is evident or the presumption thereof great. The filing of an information does not add to the strength of the proof or the presumption to be drawn therefrom."

That statute is the same as section 1270 of the Penal Code of California. In that State the provision is also included in the Constitution. Article I, section 6. Such is also the case in Porto Rico. Organic Act, section 2, paragraph 4.

The jurisprudence of California has already settled clearly

the point in controversy.  In the case of *People* v. *Tinder*, 19 Cal. 539, the following doctrine is laid down:

"An indictment, under our Criminal Practice Act, is something more than a mere accusation based upon probable cause.  It is an accusation based upon legal testimony of a direct and positive character, and is the concurring judgment of at least twelve of the grand jurors that, upon the evidence presented to them, the defendant is guilty.

"An indictment for a capital offense furnishes of itself a presumption of the guilt of the defendant too great to entitle him to bail as matter of right under the Constitution, or as matter of discretion under the legislation of the State.  It creates a presumption of guilt for all purposes except the trial before a petit jury.

"Nor can affidavits or oral testimony as to the guilt or innocence of the accused be received to repel the presumption of guilt arising from the indictment in capital cases, except under special and extraordinary circumstances."

The opinion of the court was delivered by Chief Justice Field and is very interesting and complete.  It is reported in volume 81 American Decisions, page 77, with notes containing a comprehensive discussion of the matter.

Forty-two years after the decision of the *Tinder Case, supra,* the same Supreme Court, in the case of *In re Kennedy,* 144 Cal. 634, 636, expressed itself as follows:

"We think it clear that upon *habeas corpus* the sufficiency of the evidence before a grand jury to warrant an indictment is not a proper subject of inquiry.  If it could be inquired into in this case it could be in any case, and the writ of *habeas corpus* would, for this purpose, be turned into a writ of review for the purpose of inquiring whether the grand jury committed an error reversible on appeal, and an entirely new field of litigation in criminal cases would be opened up, and few indictments would come to trial without this preliminary contest."

By virtue of all of the foregoing we are of the opinion that the court did not err in refusing to admit the petitioner to bail and, therefore, that its order must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.