FLORES, PETICIONARIO Y APELANTE, *v.* EL PUEBLO, OPOSITOR Y APELADO.

Apelación procedente de la Corte de Distrito de Mayagüez en procedimiento de *habeas corpus.*

No. 1906.—Resuelto en Mayo 23, 1922.

ASESINATO—ACUSACIÓN POR EL GRAN JURADO—*Habeas Corpus*—FIANZA.—Una vez que el Gran Jurado ha formulado acusación por asesinato, la suficiencia de la evidencia no puede atacarse para obtener señalamiento de fianza mediante *habeas corpus.*

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. P. Baiges Gómez y F. Jiménez Rivera.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Pedro Flores presentó una petición de *Habeas Corpus* en la Corte de Distrito de Mayagüez, a los efectos de que se decretara su libertad provisional mediante fianza.

El auto fué expedido y en la vista se demostró que Flores se hallaba bajo la custodia del Alcaide de la Cárcel de Mayagüez a virtud de un mandamiento expedido por el fiscal del distrito ordenando su detención a los efectos de responder al cargo de haber dado muerte con malicia premeditada a Fernanda Brito, un ser humano, el 6 de noviembre de 1921. Se demostró además que a la fecha de la solicitud se había formulado contra Flores acusación por el Gran Jurado, imputándole la comisión de un delito de asesinato.

La corte exigió al fiscal que presentara alguna prueba y el fiscal aportó tres declaraciones que sostienen que estando Fernanda Brito conversando con otras personas, fué herida de bala por Flores, por la espalda. El fiscal pidió a la corte un receso de cinco minutos para llamar al médico a fin de probar que Fernanda Brito había muerto a consecuencia de la herida recibida y la corte no accedió. El peticionario por su abogado admitió la muerte de Fernanda, y luego alegó que su admisión no comprendía el hecho de que la muerte se debiera a la herida recibida.

La corte tomó bajo su consideración el caso y lo resolvió en contra del peticionario por entender que había causa bastante para tenerlo detenido sin que pudiera obtener su libertad mediante fianza, y contra esa resolución de la corte estableció el peticionario el presente recurso de apelación.

En su alegato sostiene el apelante que la corte cometió un grave error al apreciar la prueba porque ella no demostró que Fernanda Brito hubiera muerto a consecuencia de las heridas recibidas, no pudiendo imputarse por tanto a Flores un delito de asesinato en primer grado y tenérsele recluído

en prisión sin derecho a prestar fianza para obtener su libertad provisional. Y sostiene además el peticionario que en modo alguno se demostró que existiera prueba evidente y grande presunción de su culpabilidad como autor de un delito de asesinato en primer grado.

Si la resolución tuviera que basarse únicamente en la prueba aportada por el fiscal, tendría razón el apelante, pues dicha prueba revela que el peticionario hirió con malicia premeditada por la espalda a una mujer, más no que su víctima muriera a consecuencia de la herida. Pero se demostró que el peticionario había sido acusado por el Gran Jurado como autor de un delito de asesinato y esto decide la cuestión.

Dice el artículo 372 del Código de Enjuiciamiento Criminal que, "ningún acusado a quien se impute la comisión de un crimen que apareje pena de muerte, podrá prestar fianza, cuando sea evidente la prueba y grande la presunción de su culpabilidad. El hecho de presentarse una acusación no da más fuerza a la prueba ni a la presunción que de ésta pueda deducirse."

Ese artículo es igual al 1270 del Código Penal de California. En dicho estado está además incluido dicho precepto en la constitución. Artículo 1, sección 6. Lo mismo sucede en Puerto Rico: Ley Orgánica, artículo 2, párrafo 4.

La jurisprudencia de California tiene ya resuelto claramente el punto en controversia. En el caso de *People* v. *Tinder,* 19 Cal. 539, se establece la siguiente doctrina:

"Una acusación bajo nuestra Ley de Práctica Criminal es algo más que una mera acusación basada en causa probable. Es una acusación basada en declaraciones legales de un directo y positivo carácter y es la sentencia concurrente de por lo menos doce de los miembros del Gran Jurado de que bajo la evidencia presentada a ellos el acusado es culpable.

"Una acusación por un delito de pena capital supone en sí misma una presunción de la culpabilidad del acusado, demasiado grande

para justificar la concesión de fianza como materia de derecho bajo nuestra constitución, o como materia de discreción bajo la legislación del Estado. Crea una presunción de culpabilidad para todo, excepto en cuanto al juicio ante el pequeño jurado.

"Ni *affidavits* ni testimonio oral con respecto a la culpabilidad o inocencia del acusado pueden ser recibidos para repeler la presunción de culpabilidad que se levanta de la acusación en casos de pena capital, excepto bajo especiales y extraordinarias circunstancias."

La opinión de la corte fué emitida por el Juez Presidente Field y es muy interesante y completa. Está reportada en el tomo 81, página 75 de las "American Decisions" acompañada de una nota que contiene un amplio estudio sobre la materia.

Cuarenta y dos años después de la decisión en el caso de *Tinder, supra,* la misma Corte Suprema, en el caso de *In re Kennedy,* 144 Cal. 634, 636, se expresó así:

"La suficiencia de la evidencia ante el Gran Jurado para justificar una acusación, no es materia propia para establecerse mediante *habeas corpus.* De permitirse esto se convertiría el auto de *habeas corpus* en un remedio de revisión, al objeto de inquirir si el gran jurado cometió algún error revisable en apelación, y un campo enteramente nuevo en litigio sería abierto y pocas acusaciones irían a juicio sin esta alegación preliminar."

Por virtud de todo lo expuesto, opinamos que la corte no erró al negarse a fijar fianza al peticionario y que su resolución debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.