[Civ. No. 8339. Second Appellate District, Division Two.—June 1, 1932.]

LYDIA J. MOREHOUSE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Meserve, Mumper, Hughes & Robertson for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CRAIG, J.—The petitioner, charged by indictment with a violation of the Corporate Securities Act, applied for a writ of prohibition, following an adverse ruling upon a demurrer, and motion to dismiss, and asserts that said indictment was not founded upon sufficient evidence to warrant its rendition.

 It is familiar law that prohibition arrests the proceedings of a tribunal when such proceedings are without or in excess of its jurisdiction. (Code Civ. Proc., sec. 1102.) Jurisdiction is the power to hear and determine. It does not depend upon the regularity of its exercise, nor upon the correctness or justness of the decision of the court. The power to decide carries with it authority to decide wrongly as well as rightly. (*Sherer* v. *Superior Court,* 96 Cal. 653 [31 Pac. 565]; *Central Pac. R. R. Co.* v. *Placer County Equalization Board,* 43 Cal. 365; *Dahlgren* v. *Superior Court,* 8 Cal. App. 622 [97 Pac. 681].) It has been held that prohibition will not lie to restrain the superior court from proceeding with a trial upon an indictment, upon the ground that there was no evidence before the grand jury tending to show that the petitioner was guilty of a public offense. (*Brobeck* v. *Superior Court,* 152 Cal. 289 [92 Pac. 646].) The fact that the grand jury may have received incompetent evidence upon which it found an indictment, or have based the same either wholly or in part upon incompetent evidence, does not constitute one of the grounds enumerated in section 995 of the Penal Code upon which an indictment may be set aside. (*People* v. *Collins,* 60 Cal. App. 263 [212 Pac. 701].) To the same effect are *Whitney* v. *Superior Court,* 182 Cal. 114 [187 Pac. 12]; *Harris* v. *Superior Court,* 51 Cal. App. 15 [196 Pac. 895]; *People* v. *Casanova,* 54 Cal. App. 439 [202 Pac. 45].

However, it is contended by the petitioner that in none of the cases considered had a motion to dismiss the indictment been interposed; that all of the evidence adduced before the grand jury was before the trial court, that such motion was made, and that there was none tending to show that she had committed a public offense. We are impelled to hold that the court below was authorized to differ, but it is equally well settled that the validity of an

indictment cannot be attacked upon the mere ground of insufficiency of evidence to support it. (*People* v. *Panagoit,* 25 Cal. App. 158 [143 Pac. 70]; *People* v. *Fealy,* 33 Cal. App. 605 [165 Pac. 1034]; *In re Kennedy,* 144 Cal. 634 [103 Am. St. Rep. 117, 1 Ann. Cas. 840, 67 L. R. A. 406, 78 Pac. 34].) In *People* v. *Fealy, supra,* approved by the Supreme Court, it was said:

"It is true that section 919 of the Penal Code provides that the grand jury can receive none but legal evidence, and the best evidence in degree, to the exclusion of hearsay or secondary evidence. It is also true that section 921 of said code declares that 'the grand jury ought to find an indictment when all the evidence before them, taken together, if unexplained or uncontradicted, would, in their judgment, warrant a conviction', which, no doubt, also means that, unless the evidence is such as is thus described, an indictment ought not to be returned, although it has been held that as far as said section was intended to go was to operate 'only as a matter of advice to the jury'. (*State* v. *Boyd,* 2 Hill (S. C.), 288 [27 Am. Dec. 376]; *In re Kennedy,* 144 Cal. 634 [103 Am. St. Rep. 117, 1 Ann. Cas. 840, 67 L. R. A. 406, 78 Pac. 34].) It has, however, repeatedly been held in this state that there is no method provided for revising the action of a grand jury on the ground that there was not sufficient evidence to support it. (*In re Kennedy,* 144 Cal. 636 [103 Am. St. Rep. 117, 1 Ann. Cas. 840, 67 L. R. A. 406, 78 Pac. 34], and cases therein cited; *Brobeck* v. *Superior Court,* 152 Cal. 289 [92 Pac. 646]. See, also, Bishop on Criminal Procedure, sec. 872, and *United States* v. *Reed,* 2 Blatchf. 437 [Fed. Cas. No. 16,134].) In the Kennedy case it is said: 'An indictment is the record of the action of a judicial body, and such action is final when there is no appeal therefrom and no other method provided for revising it; and there is no method for revising it on the ground that there was not sufficient evidence to support it. . . . In all the cases just named, the question was reviewed on appeal, and in the Kennedy case, *supra,* our Supreme Court said that: 'The statutes of the states where the decisions above referred to were made do not differ materially on the subject of grand juries . . . from those of this state.' "

The alternative writ of prohibition is discharged, and the peremptory writ is denied.

Works, P. J., and Fricke, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 30, 1932.