**177 P.2d 374**
**DUNCAN v. SUPERIOR COURT OF PINAL COUNTY et al.**

**No. 4964.**

Supreme Court of Arizona.

Feb. 17, 1947.

194

John L. Sullivan, Atty. Gen., Maurice Barth, Asst. Atty. Gen., and William P. Mahoney, Asst. Atty. Gen., for petitioner.

Ronald J. Ellis, County Atty. and F. Preston Sult, Deputy County Atty., both of Florence, Pinal County, for respondents.

UDALL, Judge.

This is an original proceeding for a writ of prohibition requested by petitioner, the State Superintendent of Liquor Licenses and Control, to prevent the Superior Court of Pinal County and the Honorable C. C. Faires, as judge thereof, from assuming jurisdiction and attempting to hear and determine the matters purportedly at issue on appeal from an order of the Superintendent. Statutory notice of application for a peremptory writ of prohibition was given the respondents who then appeared and answered. Oral argument was granted.

The facts necessary for determination of this proceeding are as follows: Nick J. Mansour on September 25, 1946, made application to the Superintendent for permission to transfer the liquor license then held by him in the town of Superior, Pinal County, from location to location (actually

across the street). The procedure outlined in Sec. 72-105, A.C.A.1939, was strictly followed. The Board of Supervisors neither approved nor disapproved the application but forwarded the protests that had been filed with them to the Superintendent who thereupon granted the transfer. The Board of Trustees of Pinal County School District No. 15 (the other respondents), who had objected to the transfer (their reason being that the proposed new location was within 300 feet of their district school house), then—timely filed a notice of appeal with the superior court. The Superintendent moved to dismiss the appeal on two grounds: (1) that an appeal does not lie to the superior court where only the question of a transfer of a liquor license is concerned, (2) that the Board of Trustees are not "a person aggrieved" and hence have no right to appeal from the decision of the Superintendent. The matter was assigned to the Honorable C. C. Faires, resident Judge of the Superior Court of Gila County, who, after a hearing, denied the motion to dismiss and proceeded to set the case for trial.

▮ A writ of prohibition lies to prevent an inferior tribunal from exceeding its jurisdiction or from assuming jurisdiction in a field not appropriate to it. Johnson v. Betts, 21 Ariz. 365, 188 P. 271; Bank of Arizona v. Superior Court of Yavapai County, 30 Ariz. 72, 245 P. 366; Redewill v. Superior Court of Maricopa County, 43 Ariz. 68, 29 P.2d 475; City of Phoenix v. Rodgers, 44 Ariz. 40, 34 P.2d 385; Morehouse v. Superior Court of Los Angeles County, 124 Cal.App. 38, 12 P.2d 133. Specifically, such a writ will lie to prevent an inferior tribunal from entertaining an appeal over which it has no jurisdiction. Commonwealth ex rel. v. Yungblut, 159 Ky. 87, 166 S.W. 808; State ex rel. Princeton v. District Court, 179 Minn. 90, 228 N.W. 444.

▮ The rule concerning the right to appeal stated in Barth v. Apache County, 18 Ariz. 439, 162 P. 62, 63, is as follows: "The right to appeal is one given litigants by statute, and exists only by force of statute. In order to exercise that right, a party must bring himself within the conditions prescribed by the statute conferring the right, otherwise he has no right of appeal." See also Navajo-Apache Bank and Trust Co. v. Desmont, 17 Ariz. 472, 154 P. 206; and Beach v. Superior Court of Apache County, 64 Ariz. 375, 173 P.2d 79.

▮ The only authority for an appeal from the decision and order of the Superintendent is contained in Section 72-109, A.C.A.1939. Subsection (c) thereof reads in part as follows: "The decision of the superintendent shall be final in any matter relating to the *issuance, renewal, suspension, or revocation* of a license, unless the person aggrieved, within ten days [10] after the date of the decision, files an appeal with the superior court of the county in which the licensed premises are located. * * *" (Emphasis supplied.) These

provisions are not ambiguous and leave no room for interpretation. The transfer of a permit is not "a matter relating to the issuance, renewal, suspension or revocation of a license". Specifically naming these four subjects from which an appeal may be taken, calls for invoking the rule of "expression unius est exclusio alterius". In an effort to bolster their position the respondents rely upon the preceding section of the code, 72-108(c), which says in part, "any * * * license shall be transferable * * * after application in the manner provided for original application for a license." Clearly this refers to such matters as are concerned solely with the mechanics of applying for a license and not with the right of appeal from the Superintendent's decision on the application.

We are of the opinion that no appeal lies to the superior court from the decision of the Superintendent in a "transfer case", hence there is no necessity for this court to rule on whether an appeal might lie from the superior court to the Supreme Court, or who might qualify in the class designated by 72-109(c), A.C.A.1939, as a "person aggrieved".

From other similar appeals now pending in this court it is apparent that the superior courts have been experiencing difficulty in interpreting the poorly drawn provisions for appeal in liquor cases. Our decision in the case of Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215 (a liquor transfer case) has probably added to the confusion. However, an examination of the original files in that case shows that jurisdiction was assumed to exist so that question was not there raised. The matter therefore is before us as one of first impression with this court.

We confess that we can perceive of no valid reason why the lawmaking body should not give expressly the right of appeal in a liquor transfer case, as well as more clearly define the parties who may appeal. But we must interpret the statutes, where not ambiguous, as we find them, and there is no ambiguity concerning the categories of liquor cases which may be appealed. The relief lies with the Legislature. As Justice Holmes so well said, "the Legislatures are the ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts."

In the instant case if the Superintendent has exceeded his jurisdiction in granting the permit, proper parties are not without a remedy, for certiorari would lie.

We are of the opinion that the Superior Court should have granted the motion to dismiss the appeal, and in not so doing has unlawfully assumed jurisdiction. A peremptory writ of prohibition should issue prohibiting the court and the judge thereof from proceeding any further in the purported appeal, and it is so ordered.

STANFORD, C. J., and LA PRADE, J., concurring.