Harper, J.
The first ground of the motion seems not to have been seriously relied on. Since Lord Audley’s case it seems to have been held that the wife may be a witness against her husband, on a prosecution for a personal outrage committed against herself. Such was the decision in Rex v. Azire, 1 Str. 633, a case of assault and battery. Justice Buller examines the subject, and expresses that opinion in his Nisi Prius, p. 287.
With respect to the second ground, I am of opinion that the Court will, in no instance, inquire into the character of the testimony, which has influenced the grand jury in finding an indictment, with a view to the quashing of the indictment. *289 The Court will not, to be sure, send incompetent evidence to a giand jury ; and this is the purport of the authority relied on (Denby’s case, Leach 580) where the Court refused to send to the grand jury the depositions of a witness, who had been sworn, and was before them. When it is said by Blackstone, (4 Corns. 303) that the grand jury should not rest satisfied with probabilities, but require the best evidence in their power, this is plainly only matter of advice to the jury.
In Jacob’s Law Dictionary, Tit. Indictment; it is said that ^‘though a bill of indictment may be brought unto them without oath made, they may find the bill if they see cause, but it is not usual to prefer a bill unto them, before oath be first made in Court that tho evidence they are to give unto the grand inquest to prove the bill is true,” quoting 2 Lili. Ab. 44. If they may find without evidence; it can hardly vitiate their finding that they receive evidence not competent. The nature of the grand juror’s oath sufficiently indicates that they aro not to communicate to others that which passes among tho jurymen in their consultation, and I think the juror who made the affidavit in the present instance was guilty of a violation of duty. Suppose a juryman to communicate to his fellows a rumour he has heard bearing on the charge in the indictment; is the Court to investigate that matter and to quash the indictment for that cause 1
There is something ambiguous in the affidavit. I should infer from it that the witnesses were sworn, .and were before .the grand jury, but that instead of examining them viva voce, they received their written statement of the facts they were prepared to testify. This could hardly be called a statement without oath, it was delivered under the sanction of the -oath they had taken.
The motion is dismissed.
O’Neall, J. concurred.
Johnson, J. absent.