# George W. Hight and George V. Hight *vs.* The United States.

## *Certiorari to Desmoines.*

A prisoner under an indictment for murder, cannot as a matter of right, claim to be admitted to bail, on Habeas Corpus.

An indictment furnishes no presumption of guilt against a prisoner when he is upon his trial, but so far as it regards all intermediate proceedings, between the indictment and trial it furnishes the very strongest possible presumption of guilt.

The provisions of our Habeas Corpus act, so far as they require the hearing of original testimony, contemplate cases where no indictment has been found.

The finding of the grand jury is conclusive, so far as to control all proceedings up to the time of trial before the petit jury.

George W. Hight and George V. Hight, confined in jail on an indictment for the murder of Peter Andrews petitioned the District Court of Desmoines at the November term 1844, for the benefit of the writ of habeas corpus, which was granted. Upon the return, the prisoners by their counsel, moved the court to admit them to bail, and for liberty to produce evidence to the court, to prove and satisfy the court that the charges contained in the indictment were not based upon proof that was evident, or presumptions that were great. That the offence charged, was based upon the lowest possible presumptions. Which evidence the court refused to hear; and ruled that the finding of the grand jury, in capital cases, was conclusive as far as that application was concerned, and that the petitioners were not bailable, and the court could not enquire into the kind or character of the proof upon which the charges in the indictment were based.

To which decision and ruling of the court, the said petitioners excepted. And have brought the case up for review and determination.

HALL, MILLS, GRIMES & STARR, for the petitioners :

The grand jury hear evidence on the part of the prosecution. The object of a grand jury—Cowen's Phil. Ev., Vol. 3, p. 288.

If there be any presumption against the prisoner from the fact that an indictment is found against him, then the prisoner should be required to prove his innocence; same, 289; 3 Dane's Ab. p. —, that there is a presumption of innocence.

10 Petersdorf's Reports 520—The first presumption against the prisoner is the verdict of the jury. 5 Cowen, p. 52. The court has a right to in all cases, as well before as after the indictment.

STOCKTON, for the United States, in reply, relied upon the habeas corpus act of the territory.

As to the refusal to go behind the indictment, he cited 2 Am. Com. Law 114. The power of the court to admit to bail is discretionary. The court has power to admit to bail where there has been a coroner's verdict. The authorities cited by plaintiffs in error are only cases where there were verdicts of coroners juries.

Same authorities—citing a case in La :

Where the court refused to go behind the indictment. See this case particularly, for the court in that case says, they knew of no case where the court went behind the indictment; he admitted that before indictment found, or after a coroner's verdict, the judge may admit to bail,

but contended that the American and English authorities showed that it could not be done after indictment. That the habeas corpus act did not alter the Common Law. That the 15th section of the act aforesaid refers to persons arrested previous to indictment, and also to the 22 sec.

HALL, in rejoinder, referred particularly to 5 Cowen, p. 52. The only objection given in all the cases going behind the indictment, in all the cases cited is that the court cannot become possessed of the testimony upon which the indictment was found, the testimony having been given in under the sanction of secrecy.

PER CURIAM, MASON, CHIEF JUSTICE,—After the plaintiffs in error had been indicted for murder, they were brought before the District Court of Desmoines county, by a writ of habeas corpus for the purpose, on their part, of being let to bail. It was contended for them that although they had been indicted for murder, yet the evidence against them before the grand jury was of such an unconclusive character, that they were entitled to be discharged on bail as a matter of right, and it was claimed to be the duty of the court to go into an original examination of the whole matter, and to decide according to the nature of the proof then furnished. The court refused to bail the prisoners, or even to look behind the indictment. Whether that determination of the court was legal or proper, is the question brought up for our consideration.

The ordinance of 1787, the benefits of which have been transmitted to us, declares that " all persons shall be bailable, unless for capital offences where the proof shall be evident, or the presumption great·" It is contended that an indictment furnishes no such proof or presumption.

This is no new provision, but is in express terms incorporated into the constitutions of at least one half of the States of the Union, and is the rule of action in all the rest. It is merely declaratory of the common law of the United States. If the construction contended for by counsel be correct, it is a little remarkable that no case can be found where a similar application has been successfully made.

It is true, there have been cases, where prisoners after having been indicted for murder have been admitted to bail, but not as a matter of right, nor upon the examination of original testimony. There is no doubt of the *power* of the court to let to bail after indictment for a capital offence, but can the prisoner require the court to disregard the indictment, as furnishing no presumption of guilt, and can he lawfully claim to be let to bail as a matter of right, unless evident proof or great

presumption can be shown whenever he sees proper to have himself brought up on a writ of habeas corpus?

Authorities have been cited to the effect that an indictment furnishes no presumption of guilt. This proves too much, else why should not the prisoner be discharged altogether? Can a person against whom there is no presumption of guilt be required to give bail for his appearance at court? The truth is, that these authorities although good law, have been misapplied. An indictment furnishes no presumption of guilt against a prisoner when he is upon his trial, but so far as it regards all intermediate proceedings between the indictment and trial, it furnishes the very strongest possible presumption of guilt, if a grand jury is the appropriate organ of the law to decide in the first instance upon the guilt or innocence of the accused and their finding of a true bill is conclusive so far as to put him upon his trial and to control all the intermediate proceedings. It is then *functus officio*, and raises no further presumption.

The humanity of our law requires that before a person shall be punished as a criminal, he must be found guilty by two independent juries. The verdict of the first raises a full presumption of guilt up to the time of his trial before the second. The authorities, so far as any can be found, applicable to the case, sustain the views we have now taken. See 3 Petersdorf, 307; 1 Bac. Abr. 493; 2 Am. Com. Law, 116.

But our habeas corpus act is relied upon as exercising a peculiar influence over this case. The 15th section of that act declares, that " the officer before whom the party shall be brought on such writ, shall immediately after the return thereof proceed to examine into the facts contained in such return, and into the cause of the confinement or restraint of such party ; whether the same shall have been upon commitment for any criminal or supposed criminal matter or not." The 22d section further provides that " the party brought before any such officer, on the return of any writ of habeas corpus may deny any of the material facts set forth in the return, or allege any fact to show either that his imprisonment or detention is unlawful or that he is entitled to his discharge, which allegations or denials shall be on oath. And thereupon such officer shall proceed in a summary way, to hear such allegations and proof as may be produced in support of such imprisonment or detention, or against the same and to dispose of such party as the justice of the case may require."

It is contended that these sections of the act change the ordinary course of procedure in cases like the present, that as the law does not

except cases where indictments have been found the duty of hearing "the allegations and proof" applies to such cases.

Admitting this to be true. the indictment itself furnishes all the requisite proof. Any other construction would lead to the most absurd consequences.

In the first place, the officer who issues the writ of habeas corpus, if he can look behind the indictment and go into original proof to ascertain whether the grand jury had sufficient grounds for their action, may discharge the prisoner altogether. A judge would thus become an appellate tribunal to reverse or affirm the decisions of grand juries, and may thwart the action of that body altogether, if he sees proper.

Again, if the finding of a grand jury does not supersede the necessity of a reinvestigation of the original evidence by the judge, much less would a previous examination of the case under a writ of habeas corpus issued by that same judge or one of his associates have this effect. What then is to prevent a prisoner from having a new examination every day of his confinement, until having wearied out the witnesses and the prosecutor, or for some other cause there becomes a failure of evident proof, or great presumption of guilt. When that failure takes place, must not the prisoner be discharged, independent of all the knowledge which the officer has acquired by former examinations, for why require an examination of original testimony unless the officer is to be governed thereby?

But further than this, the sections of the law above quoted do not except cases of persons convicted by petit juries. The convict in jail awaiting execution is, under our statute, entitled to his writ of habeas corpus, and when brought before the judge, if the proof then made should appear insufficient, it would not only be his right, but his duty to discharge the prisoner either absolutely or on bail according to the strength of the evidence. This would be raising up a new pardoning power wholly unknown to our laws and institutions and at war with both.

But it will be replied that the verdict of the petit jury furnishes that great presumption of the prisoner's guilt, which the ordinance of 1787 contemplates. So does the indictment by the grand jury, (see authorities above cited.) But the declaration in the ordinance, is that "all persons shall be bailable unless for capital offences, &c." Is the convict in the penitentiary bailable? And yet the habeas corpus act makes no exception to his exclusion.

The evident answer to this last question is, that the object of the ha-

beas corpus act is to prevent arbitrary and illegal imprisonment; to guard the rights of the accused prior to conviction, but not to interfere with his punishment. We go one step farther and say that the peculiar object of this writ is to guard the accused up to the time his case is passed upon by a grand jury; not for the purpose of controlling, reviewing or thwarting the action of that body.

We therefore conclude, that the provisions of our habeas corpus act, so far as they require the hearing of original testimony, contemplate cases where no indictment has been found. The finding of the grand jury is conclusive, so far as to control all proceedings up to the time of trial before the petit jury, the verdict of the latter is conclusive altogether.

The decision of the court below is therefore affirmed.