TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
| --- | --- | --- |
| OPINION | : | |
| | : | No. 23-201 |
| of | : | |
| | : | June 26, 2024 |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| RYAN B. McCARROLL | : | |
| Deputy Attorney General | : | |

The HONORABLE JEFF W. REISIG, DISTRICT ATTORNEY OF YOLO COUNTY, has requested an opinion on two questions relating to grand jury indictments:

**QUESTIONS PRESENTED AND CONCLUSIONS**

1. Does the probable cause standard for a grand jury criminal indictment state a lesser standard of proof than preponderance of the evidence?

Yes. The probable cause standard for a grand jury criminal indictment, which requires the prosecution to present evidence that warrants a strong suspicion of guilt, states a lesser standard of proof than preponderance of the evidence, which requires proof that a particular fact is more likely than not to be true.

2. Must the word "shall" as used in Penal Code section 939.8—which states that the grand jury "shall find an indictment" upon a determination of probable cause—be construed and stated as "should" when the statutory language is used to instruct a grand jury?

No. Penal Code section 939.8 requires a grand jury to return an indictment if the grand jury concludes that there is probable cause, and a grand jury may be instructed to that effect.

1

# BACKGROUND

The California Constitution provides that each county shall have an elected district attorney and shall empanel at least one grand jury at least once per year.[1] In criminal cases, the district attorney "ordinarily has sole discretion to determine whom to charge, what charges to file and pursue, and what punishment to seek."[2] The grand jury checks that discretion by protecting the defendant from "'the trouble, expense, and disgrace of being arraigned and tried in public on a criminal charge for which there is no sufficient cause.'"[3] In particular, the grand jury must "'determine whether probable cause exists to accuse a defendant of a particular crime.'"[4]

But the district attorney is not obliged to submit every case to the grand jury. Even in felony cases, the California Constitution gives the district attorney discretion either to prosecute a case by grand jury indictment or instead to prosecute the case by information after preliminary examination and commitment by a magistrate.[5] Indeed, the "vast majority" of felony cases in California are now prosecuted by information rather than by indictment.[6]

Since 1959, Penal Code section 939.8 has provided that the grand jury "shall find an indictment when all the evidence before it, taken together, if unexplained or

---

[1] Cal. Const., art. I, § 23 ("One or more grand juries shall be drawn and summoned at least once a year in each county"), art. XI, § 1, subd. (b) ("The Legislature shall provide for . . . an elected district attorney . . . in each county"), art XI, § 4, subd. (c) ("County charters shall provide for . . . an elected district attorney").

[2] *Dix v. Superior Court* (1991) 53 Cal.3d 442, 451; see *People v. Ramirez* (2022) 13 Cal.5th 997, 1139 (the district attorney "has broad discretion to prosecute a defendant for a particular crime so long as there is probable cause to believe that the defendant is guilty and the prosecution is not motivated by vindictiveness or invidious discrimination); see also *Bordenkircher v. Hayes* (1978) 434 U.S. 357, 364 (prosecutorial discretion generally includes "the decision whether or not to prosecute").

[3] *Johnson v. Superior Court* (1975) 15 Cal.3d 248, 254, quoting *In re Tyler* (1884) 64 Cal. 434, 437.

[4] *Stark v. Superior Court* (2011) 52 Cal.4th 368, 406.

[5] Cal. Const., art I, § 14 ("Felonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information"); see *People v. Henson* (2022) 13 Cal.5th 574, 588; see also *Bowens v. Superior Court* (1991) 1 Cal.4th 36, 43 ("We perceive an abundance of legitimate justifications for the state's discretionary use of the indictment procedure to initiate felony prosecutions").

[6] See *McGill v. Superior Court* (2011) 195 Cal.App.4th 1454, 1467.

uncontradicted, would, in its judgment, warrant a conviction by a trial jury."[7]  Similarly, Penal Code section 872(a) states that a magistrate "shall" issue an order holding the defendant to answer if "it appears from the examination that a public offense has been committed, and there is sufficient cause to believe that the defendant is guilty."  Although the statutory language in sections 872(a) and 939.8 differs, both provisions are subject to section 995, which allows a defendant to challenge an indictment or information based on a lack of "reasonable or probable cause."[8]

We considered the meaning of section 939.8 in a 1978 opinion issued in response to a request from then-Los Angeles County District Attorney John Van de Kamp.  That request asked, "What is the standard of proof a grand jury must use to indict in light of Penal Code section 939.8?"[9]  We answered that "the standard of proof required to support a grand jury indictment is that of probable cause; that is, whether the evidence presented to the grand jury, if unexplained or uncontradicted, would warrant them in entertaining a strong suspicion of the guilt of the accused."[10]

The California Supreme Court reached the same conclusion in *Cummiskey v. Superior Court*, holding that "the standard of proof under section 939.8 for returning an indictment is 'probable cause.'"[11]  In other words, the prosecution must establish "a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a *strong suspicion* of the guilt of the accused."[12]

Our requestor here, the Yolo County District Attorney, asks us to elaborate on the meaning of section 939.8 in two respects.  First, he asks us to compare the probable cause standard for securing a grand jury indictment under section 939.8 with the standard of proof by a preponderance of the evidence.[13]  Second, he asks whether the statement in

---

[7] Pen. Code, § 939.8, enacted by Stats. 1959, ch. 501, § 2, p. 2454.  To "find" an indictment under § 939.8 is the same as to "return" an indictment.  (See *McGill v. Superior Court*, *supra*, 195 Cal.App.4th at p. 1470, fn. 13.)  We use the terms "find" and "return" interchangeably here.

[8] Pen. Code, § 995, subds. (a)(1)(B) & (a)(2)(B).

[9] 61 Ops.Cal.Atty.Gen. 441 (1978) ("1978 Opinion").

[10] *Id.* at p. 451; accord, 74 Ops.Cal.Atty.Gen 170 (1991).

[11] *Cummiskey v. Superior Court* (1992) 3 Cal.4th 1018, 1029; see *Lorenson v. Superior Court* (1950) 35 Cal.2d 49, 56-57.

[12] *Cummiskey v. Superior Court*, *supra*, 3 Cal.4th at p. 1029, internal quotation marks omitted, italics added in *Cummiskey*.

[13] The requestor phrased the first question as being "whether probable cause for a grand jury indictment is less than a preponderance of evidence, just as it is with preliminary

3

section 939.8 that the grand jury "shall" return an indictment upon finding the requisite standard of proof raises serious constitutional issues that might invalidate an indictment if the grand jury were instructed in those terms.[14]

These questions are significant in light of the unique position that the district attorney occupies in grand jury proceedings. When the grand jury is empaneled and sworn, the court gives the jurors "such information as it deems proper, or as is required by law, as to their duties, and as to any charges for public offenses returned to the court or likely to come before the grand jury."[15] Thereafter, the judge "shall not be present during the sessions of the grand jury," unless the grand jury requests advice from the judge.[16] But the district attorney "may at all times appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by the grand jury."[17]

## ANALYSIS

### Question One

The requestor asks us to confirm that the standard for securing a grand jury indictment under section 939.8 is "less[]" than the standard of proof by a preponderance of the evidence.[18] We agree that a prosecutor seeking a grand jury indictment under section 939.8 is obliged to show probable cause rather than to prove guilt by a preponderance of the evidence, and that probable cause is a less demanding standard than proof by a preponderance of the evidence.

---

examinations and other probable cause situations, and whether probable cause for indictment is the same as probable cause for preliminary examinations and other probable cause situations." (Letter from Yolo County District Attorney (Feb. 8, 2023) ("Requestor Letter").) We have modified the question for ease of discussion.

[14] The requestor phrased the second question as being "whether the [word] 'shall' in Penal Code section 939.8 must be construed as 'should' in order to avoid possible constitutional infirmity." (Requestor Letter, *supra*, at p. 1.) Again, we have rephrased the question for ease of discussion.

[15] Pen. Code, § 914, subd. (a).

[16] Pen. Code, § 934, subd. (a).

[17] Pen. Code, § 935; but see Pen. Code, § 939 ("No persons other than grand jurors shall be permitted to be present during the expression of the opinions of the grand jurors, or the giving of their votes, on any criminal or civil matter before them").

[18] Requestor Letter, *supra*, at pp. 2-3.

As mentioned, section 939.8 requires the prosecution to establish reasonable or probable cause.[19] That means there must be "a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused."[20] In contrast, the preponderance of the evidence standard asks whether "the existence of a fact is more probable than its nonexistence."[21] That means a party bearing the burden of proof by a preponderance of the evidence must persuade the factfinder that a particular fact "is more likely to be true than not true."[22]

The requestor points to several cases that compare the two standards of proof in situations that are analogous to the one at issue here.[23] The closest case appears to be *People v. Abelino* (2021) 62 Cal.App.5th 563, which described the "sufficient cause" standard that a magistrate must apply at a preliminary examination under section 872(a).[24] The court explained that "sufficient cause" means "reasonable and probable cause," which involves "'a level of proof below that of proof beyond a reasonable doubt, or even proof by a preponderance of the evidence.'"[25] The court also observed that "'the showing required at a preliminary hearing is exceedingly low.'"[26]

We have not found any authority to suggest that the comparison would be any different when considering the standard of proof required to support a grand jury indictment. Indeed, we have previously equated the standard that a grand jury applies under section 939.8 with the standard that a magistrate applies under section 872(a).[27] And the California Supreme Court has done the same.[28] So we may confidently conclude

---

[19] See *Cummiskey v. Superior Court*, *supra*, 3 Cal.4th at pp. 1027, 1029; *Lorenson v. Superior Court*, *supra*, 35 Cal.2d at pp. 56-57; 61 Ops.Cal.Atty.Gen., *supra*, at pp. 450-451.

[20] *Cummiskey v. Superior Court*, *supra*, 3 Cal.4th at pp. 1027, 1029, 1037.

[21] *In re Angelia P.* (1981) 28 Cal.3d 908, 918, quoting *In re Winship* (1970) 397 U.S. 358, 371-372 (conc. opn. of Harlan, J.).

[22] CACI No. 200.

[23] Requestor Letter, *supra*, at pp. 2-4.

[24] *People v. Abelino*, *supra*, 62 Cal.App.5th at p. 573.

[25] *Ibid*., quoting *People v. Hurtado* (2002) 28 Cal.4th 1179, 1189.

[26] *Ibid*., quoting *Salazar v. Superior Court* (2000) 83 Cal.App.4th 840, 846.

[27] 61 Ops.Cal.Atty. Gen., *supra*, at pp. 441, 450-451.

[28] *Cummiskey v. Superior Court*, *supra*, 3 Cal.4th at p. 1027.

23-201

that both statutes involve "'a level of proof below that of . . . proof by a preponderance of the evidence.'"[29]

**Question Two**

The second question involves the meaning of the statement in section 939.8 that the grand jury "shall" return an indictment when it is satisfied that the prosecution has established probable cause. The requestor and a comment submitted in support of the request posit that, although the word "shall" ordinarily connotes a lack of discretion, its meaning here is advisory or otherwise permissive.[30] In other words, the requestor suggests that despite its use of the term "shall," section 939.8 gives the grand jury discretion *not* to return an indictment *despite* a finding of probable cause.[31] He reasons that instructing the grand jury in the apparently mandatory terms of section 938.9 might erroneously lead the grand jury to believe it lacked such discretion, creating the potential for constitutional error. This in turn leads the requestor to recommend that prosecutors advise the grand jury that it "should" return an indictment upon a finding of probable cause. We disagree.

Instead, we conclude for the reasons discussed below that the California Supreme Court was correct when it stated in *Cummiskey* that "section 939.8 requires the grand jury to return an indictment" if—but only if—the prosecution has established probable cause.[32] That description is faithful to the ordinary meaning of the statement in section 939.8 that the grand jury "shall" return an indictment when it finds that there is probable cause. And, even to the extent that the statutory text might be ambiguous, there is no extrinsic evidence of legislative intent indicating that the grand jury should have discretion to withhold an indictment in a case supported by probable cause. For example, the legislative history of section 939.8 does not suggest any intent to give the grand jury

---

[29] *People v. Abelino*, *supra*, 62 Cal.App.5th at p. 573, quoting *People v. Hurtado*, *supra*, 28 Cal.4th at p. 1189.

[30] Requestor Letter, *supra*, at p. 5-7; see Memorandum from Patrick O'Toole (Nov. 27, 2023) ("O'Toole Memo").

[31] The discretion not to return an indictment despite the existence of probable cause is sometimes known as grand jury nullification. It has "historically served causes both good and ill." (*United States v. Navarro-Vargas* (9th Cir. 2005) 408 F.3d 1184, 1199.)

[32] *Cummiskey v. Superior Court*, *supra*, 3 Cal.4th at p. 1027; see also *People v. Arroyo* (2016) 62 Cal.4th 589, 595 (implying that a "properly instructed" grand jury would know that it "shall find" an indictment if the prosecution has made the necessary showing); *McGill v. Superior Court*, *supra*, 195 Cal.App.4th at pp. 1469-1470 (grand jury "must" find an indictment if it concludes that there is probable cause).

such discretion unrelated to its core purpose of determining whether the prosecution has shown probable cause.  Moreover, contrary to the suggestion of the requestor, requiring the grand jury to return an indictment in cases supported by probable cause does not raise substantial constitutional questions under the separation of powers doctrine or principles of due process.  We therefore conclude that the word "shall"—as used in Penal Code section 939.8 pertaining the grand jury's issuance of a criminal indictment upon a finding of probable cause—need not be construed and stated as "should" when instructing a grand jury.

### *Ordinary Meaning of the Statutory Text*

The first step in interpreting a statute is to consider the ordinary meaning of the text in light of the statute as a whole and the overall legislative scheme.[33]  If the text is clear and unambiguous, a court will "presume the Legislature meant what it said and the plain meaning of the statute governs."[34]  "Only when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may the court turn to extrinsic aids to assist in interpretation."[35]  As such, we begin by considering the ordinary meaning of the statement in section 939.8 that the grand jury "shall" return an indictment if it finds that there is probable cause.

The word "shall" ordinarily connotes a non-discretionary mandate or command, and is synonymous with the word "must."[36]  Because a non-discretionary mandate or command is more forceful that a mere preference or recommendation, the word "shall" is not typically understood to be synonymous with the word "should."[37]

---

[33] See *People v. Rojas* (2023) 15 Cal.5th 561, 568; *People v. Curiel* (2023) 15 Cal.5th 433, 461; *People v. Valencia* (2017) 3 Cal.5th 347, 360.

[34] *People v. Snook* (1997) 16 Cal.4th 1210, 1215; see *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.

[35] *Murphy v. Kenneth Cole Productions, Inc*. (2007) 40 Cal.4th 1094, 1103.

[36] See *People v. Standish* (2006) 38 Cal.4th 858, 869 ("Ordinarily, the term 'shall' is interpreted as mandatory and not permissive"); *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443 ("It is a well-settled principle of statutory construction that the word 'may' is ordinarily construed as permissive, whereas 'shall' is ordinarily construed as mandatory . . ."); see, e.g., Cal. Rules of Court, rule 1.5(b)(1) ("'Must' is mandatory"); cf. *De Martinez v. Lamagno* (1995) 515 U.S. 417, 432, fn. 9 ("Though 'shall' generally means 'must,' legal writers sometimes use, or misuse, 'shall' to mean 'should,' 'will,' or even 'may'").

[37] See *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 75 ("Case

23-201

Consistent with that ordinary meaning of the word "shall," courts have used non-discretionary language when describing the statement in section 939.8 that the grand jury shall return an indictment if it finds that there is probable cause. As noted, the California Supreme Court stated in *Cummiskey* that section 939.8 "requires" the grand jury to return an indictment when the prosecution has satisfied its burden of proof.[38] The Court of Appeal similarly said in *McGill v. Superior Court* that the grand jury "must" return an indictment if the prosecution has satisfied its burden.[39] Although the meaning of the word "shall" was not at issue in either *Cummiskey* or *McGill*, we "do not lightly disregard dictum" from either of those courts.[40]

But the United States Supreme Court has recognized that "legal writers sometimes use, or misuse, 'shall' to mean 'should.'"[41] And California courts have likewise observed that "statutes containing 'shall' language are sometimes interpreted as directory or permissive," especially if "discretion is inherent in the activity concerned."[42] As such, we will proceed to consider whether extrinsic indicia of legislative intent suggest that the word "shall" does not carry its ordinary meaning when it is used in section 939.8.

### Legislative History

In our view, the history of section 939.8 does not reveal a legislative intent to depart from the ordinary meaning of the word "shall." Prior to the adoption of section 939.8, the Legislature provided that the grand jury "ought" to find an indictment when there is probable cause.[43] The California Supreme Court described that language as

---

law has defined 'should' generally to mean a moral obligation or recommendation"); Cal. Rules of Court, rule 1.5(b)(5) ("'Should' expresses a preference or a nonbinding recommendation").

[38] *Cummiskey v. Superior Court*, *supra*, 3 Cal.4th at p. 1027.

[39] *McGill v. Superior Court*, *supra*, 195 Cal.App.4th at pp. 1454, 1469-1470 ("After the investigation, the grand jury *must* 'find an indictment' if 'all the evidence before it, taken together, if unexplained or uncontradicted, would, in its judgment, warrant a conviction by a trial jury'") (italics added).

[40] *Bigler-Engler v. Breg, Inc.* (2017) 7 Cal.App.5th 276, 330.

[41] *De Martinez v. Lamagno*, *supra*, 515 U.S. at p. 432, fn. 9; see, e.g., *Nat. Federation of Independent Business v. Sebelius* (2012) 567 U.S. 519.

[42] *Fox v. County of Fresno* (1985) 170 Cal.App.3d 1238, 1242; see *Wilson v. Sharp* (1954) 42 Cal.2d 675, 678-679.

[43] Stats. 1851, ch. 29, § 212, p. 235; former Pen. Code, § 921; see also Stats. 1850, ch. 119, § 233, p. 292; *People v. Tinder* (1862) 19 Cal. 539, 539.

8

being "'plainly only [a] matter of advice to the [grand] jury.'"[44]  In 1959, the Legislature recodified the grand jury statutes into a single title of the Penal Code.[45]  As part of that recodification, the Legislature repealed former section 921 and enacted current section 939.8, changing the word "ought" to "shall."[46]

In the 1978 opinion discussed above, we observed that the 1959 recodification had changed the statutory language, and we described the current language in section 939.8 as being "mandatory."  Specifically, we observed that the 1959 recodification "changed the directory 'ought' to the mandatory 'shall.'"[47]  It might have been more accurate to describe the prior language as being advisory or otherwise permissive rather than directory.[48]  But the point remains that the Legislature replaced that language with the "mandatory" language in section 939.8 stating that the grand jury "shall" return an indictment if it finds that there is probable cause.

Admittedly, our 1978 opinion also said that the 1959 recodification had been "substantially without change" to the law.[49]  But our focus there was less on the shift to "mandatory" language than on the unchanged standard of proof.[50]  We explained that "[f]or many years the question of the standard of proof before a grand jury was only of academic interest" because "grand jury proceedings were not subject to judicial review regarding the sufficiency of the evidence received by that body."[51]  Although "review of the sufficiency of the evidence before the grand jury has [since] become possible," a decision not to find an indictment remains unreviewable.[52]  As such, our prior description

---

[44] *In re Kennedy* (1904) 144 Cal. 634, 638, quoting *State v. Boyd* (S.C. App. L. & Eq. 1834) 20 S.C.L. 288, 289.

[45] See *M.B. v. Superior Court* (2002) 103 Cal.App.4th 1384, 1391; Cal. Law Revision Com. Annual Rep. (1959) p. 20.

[46] Stats. 1959, ch. 501, § 2, p. 2454.

[47] 61 Ops.Cal.Atty.Gen., *supra*, at p. 447.

[48] See *In re Kennedy*, *supra*, 144 Cal. at p. 638; see also *People v. McGee* (1977) 19 Cal.3d 948, 958-959 (comparing the "mandatory-directory duality with the linguistically similar, but analytically distinct, 'mandatory-permissive' dichotomy").

[49] 61 Ops.Cal.Atty.Gen., *supra*, at p. 450; see *id*. at p. 447 ("Essentially . . . the statute has remained unaltered since 1851").

[50] See *id*. at p. 441.

[51] See *id*. at p. 447.

[52] See *ibid*.

9

of the 1959 recodification as having been "substantially without change" does not negate our observation in the same opinion that the language in section 939.8 is mandatory.

We have received comments suggesting that the change from "ought" to "shall" as part of the 1959 recodification might have been unintentional, especially given contemporaneous statements disclaiming any intent to make a substantive change in the law.[53] These comments also suggest that the issue has largely escaped legislative and judicial attention over the last 65 years because some prosecutors depart from the statutory language by advising the grand jury that it "should" return an indictment if there is probable cause.[54] But those observations do not explain the relative silence in all of the other cases where courts and prosecutors have tracked the current language in section 939.8 by instructing the grand jury that it "shall" return an indictment if it finds probable cause.[55] We can see no persuasive reason to reconsider our prior statement that the language in section 939.8 is mandatory.

### *Separation of Powers*

The requestor argues that the ordinary meaning of the word "shall" raises substantial questions regarding the constitutionality of the statement in section 939.8 that the grand jury "shall" return an indictment if it finds that there is probable cause.[56] Specifically, he argues that requiring the grand jury to return an indictment raises questions regarding the separation of powers, even in cases that are supported by probable cause.[57] To avoid those questions, he suggests that the Legislature presumably

---

[53] O'Toole Memo, *supra*, at pp. 1-3; see Stats. 1959, ch. 501, § 20, p. 2458 ("It is not the intent of the Legislature to make any substantive change in the laws affected by this act"); Cal. Law Revision Com. Annual Rep. (1959) p. 20 (drafters of the recodification bill "refrained from recommending any change which might be construed to be substantive in nature, even in instances where it considered that the particular change was desirable and noncontroversial"); see also Cal. Law Revision Com. Annual Rep. (1960) p. 10 (same).

[54] O'Toole Memo, *supra*, at p. 3, fn. 4 ("There has not been a legal challenge to section 939.8's 'shall' language, either because 'shall' is not always used in such instructions, or the issue has not been recognized"); see, e.g., *Cummiskey v. Superior Court*, *supra*, 3 Cal.4th at p. 1025 (trial court instructed grand jury that "an indictment *should* be found" when there is sufficient cause") (italics added).

[55] See Requestor Letter, *supra*, at p. 6 (acknowledging that "some courts and district attorney offices instruct the grand jury using section 939.8").

[56] *Id*. at pp. 5-7 & fn. 5.

[57] *Id*. at pp. 6-7.

intended to give the grand jury at least some discretion not to return an indictment despite a finding of probable cause.  And he posits that the best way to convey that presumed intent is to construe section 939.8 as meaning that the grand jury "should" return an indictment if it finds that there is probable cause.[58]

In making these arguments, the requestor relies on the precept that "a statute is to be construed where fairly possible so as to avoid substantial constitutional questions."[59] The California Supreme Court has explained that the avoidance canon applies when "a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional in whole or in part, or raise serious and doubtful constitutional questions."[60]  In those instances, a court "will adopt the construction which, without doing violence to the reasonable meaning of the language used, will render it valid in its entirety, or free from doubt as to its constitutionality, even though the other construction is equally reasonable."[61]  The rule is based on "the presumption that the Legislature intended, not to violate the Constitution, but to enact a valid statute within the scope of its constitutional powers."[62]

As relevant here, the California Constitution provides that "[t]he powers of state government are legislative, executive, and judicial.  Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."[63]  But the separation of powers doctrine also "'recognizes that the three branches of government are interdependent, and it permits actions of one branch that may "significantly affect those of another branch."'"[64]  As such, the separation of powers "is violated only when the actions of a branch of government defeat or materially impair the inherent functions of another branch."[65]

---

[58] *Id*. at p. 7.

[59] Requestor Letter, *supra*, at p. 7, fn. 5, quoting *United States v. X-Citement Video, Inc.* (1994) 513 U.S. 64, 69; O'Toole Memo, *supra*, at pp. 5-6.

[60] *Miller v. Municipal Court of City of Los Angeles* (1943) 22 Cal.2d 818, 828.

[61] *Ibid*.

[62] *Ibid*.; see *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1373; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 509.

[63] Cal. Const., art. III, § 3.

[64] *In re Rosenkrantz* (2002) 29 Cal.4th 616, 662, quoting *Carmel Valley Fire Protection Dist. v. State of California* (2001) 25 Cal.4th 287, 298.

[65] *Ibid*.; see *People ex rel. Pierson v. Superior Court* (2017) 7 Cal.App.5th 402, 414 ("Strictly speaking, it would not appear that the doctrine of separation of powers would apply to a constitutional body outside our triptych form of government, but the concept

We conclude that requiring the grand jury to return an indictment in a case supported by probable cause does not raise substantial questions regarding the constitutional principles described above. The California Supreme Court has long described the grand jury as protecting the accused from "'the trouble, expense, and disgrace of being arraigned and tried in public on a criminal charge for which there is *no sufficient cause*.'"[66] The grand jury performs this function by returning an indictment "only when the evidence presented to it indicates that [the defendant] has committed a public offense."[67] In other words, "it is the grand jury's function to determine whether probable cause exists to accuse a defendant of a particular crime."[68]

In our view, the ordinary meaning of the word "shall" as used in section 939.8 does not raise significant concerns regarding the grand jury's ability to assess probable cause, even when the word appears in instructions to the grand jury. Although the ordinary meaning requires the grand jury to return an indictment, that requirement plainly applies if and only if the grand jury has determined that there is probable cause.[69] And the statute does not compel the grand jury to conclude that there is probable cause in any particular case.

To support his argument that an essential function of the grand jury is to serve as a check on the prosecution's charging decisions—even where those decisions are supported by probable cause—the requestor points to a statement in *Vasquez v. Hillery* (1986) 474 U.S. 254. In that case, the Supreme Court observed that the grand jury "'is not bound to indict in every case where a conviction can be obtained.'"[70] To understand that statement, we look to the underlying authority, which explained that a grand jury's

would be the same. The Legislature thus cannot act to defeat or materially impair the inherent constitutional power of another entity").

[66] *Johnson v. Superior Court*, *supra*, 15 Cal.3d at p. 254, quoting *In re Tyler*, *supra*, 64 Cal. at p. 437, italics added.

[67] *Greenberg v. Superior Court* (1942) 19 Cal.2d 319, 321.

[68] *Cummiskey v. Superior Court*, *supra*, 3 Cal.4th at p. 1026; see *Stark v. Superior Court*, *supra*, 52 Cal.4th at p. 406 ("The role of the grand jury in an indictment proceeding is to 'determine whether probable cause exists to accuse a defendant of a particular crime'").

[69] Pen. Code, § 939.8 (the grand jury shall find an indictment "when" it determines that there is probable cause).

[70] Requestor Letter, *supra*, at pp. 6-7, citing *Vasquez v. Hillery*, *supra*, 474 U.S. at p. 263, quoting *United States v. Ciambrone* (2nd Cir. 1979) 601 F.2d 616, 629 (dis. opn. of Friendly, J.); see also *Hawkins v. Superior Court* (1978) 22 Cal.3d 584, 589 (grand jurors are "legally free to vote as they please"), abrogated by the voters on other grounds as stated in *Bowens v. Superior Court*, *supra*, 1 Cal.4th at p. 46.

12

decision not to return an indictment is "'unchallengeable,'" even if the grand jury has succumbed to "'the whims of the jurors or their conscious or subconscious response to community pressures.'"[71]

We do not read *Hillery* as stating a constitutional rule protecting the grand jury's ability to refuse to indict notwithstanding a finding of probable cause. Rather, the more persuasive reading of the statement is that it recognizes the practical reality that, if the grand jury decides not to return an indictment, the prosecution has no way to challenge that decision. That type of decision is similar to a trial jury's decision to acquit despite proof beyond a reasonable doubt: in both instances, the decision is "without recourse by the prosecution."[72] But the unchallengeable nature of those decisions does not mean that it would defeat or materially impair any essential functions of the trial jury or the grand jury, respectively, to instruct them accurately about their duties under controlling law.[73]

The requestor also points to *United States v. Navarro-Vargas*, in which the Ninth Circuit considered whether a grand jury's ability to withhold an indictment despite a finding of probable cause was an "irreducible element of what it means to have a grand jury" under the Fifth Amendment of the United States Constitution.[74] At issue there was the model grand jury charge used in federal court, which states that the grand jury "should" return an indictment upon a finding of probable cause, but "cannot" judge the wisdom of the laws enacted by Congress.[75]

A majority of the Ninth Circuit panel concluded that the model charge did not violate the grand jury clause of the Fifth Amendment.[76] The majority explained that it was unaware of any practice "to advise grand juries that they may stand in judgment of the wisdom of the laws before them."[77] It reasoned that "[i]f a grand jury can sit in

---

[71] *United States v. Ciambrone*, *supra*, 601 F.2d at p. 629 (dis. opn. of Friendly, J.), quoting *United States v. Cox* (5th Cir. 1965) 342 F.2d 167, 189-190 (con. opn. of Wisdom, J.).

[72] *People v. Williams* (2001) 25 Cal.4th 441, 449.

[73] See *People v. Engelman* (2002) 28 Cal.4th 436, 440-441.

[74] Requestor Letter, *supra*, at pp. 6-7; see *United States v. Navarro-Vargas*, *supra*, 408 F.3d at pp. 1189-1190; see also U.S. Const., 5th Amend. ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury").

[75] *United States v. Navarro-Vargas*, *supra*, 408 F.3d at p. 1187; see Federal Judicial Center, Benchbook for U.S. District Court Judges, *supra*, § 7.04, pp. 249, 252, ¶¶ 9, 25.

[76] *United States v. Navarro-Vargas*, *supra*, 408 F.3d at pp. 1189-1190.

[77] *Id*. at p. 1202.

13

judgment of [the] wisdom of the policy behind a law, then the power to return a no bill in such cases is the clearest form of 'jury nullification.'"[78]  Indeed, the "prospect of a grand jury here and there deciding for itself that a law lacked 'wisdom'" would be "an invitation to lawlessness and something less than the equal protection of the laws."[79]

And the majority also observed that the model charge "does not state that the jury 'must' or 'shall' indict, but merely that it 'should' indict if it finds probable cause.  As a matter of pure semantics, it does not 'eliminate discretion on the part of the grand jurors,' leaving room for the grand jury to dismiss even if it finds probable cause."[80]  So "[e]ven assuming that the grand jury should exercise something akin to prosecutorial discretion," the majority reasoned that "the instruction does not infringe upon that discretion."[81]

The requestor reads *Navarro-Vargas* as implying that the model grand jury charge would have violated the Fifth Amendment if it had stated that the grand jury "shall" return an indictment upon a finding of probable cause.  We are uncertain whether *Navarro-Vargas* stands for that proposition, as the semantical discussion was not the only basis for the majority's holding.  But even accepting the requestor's reading of *Navarro-Vargas*, it would not dictate the result under California law.  It is well established that the grand jury clause of the Fifth Amendment at issue in *Navarro-Vargas* is one of the few provisions of the Bill of Rights that does not apply to the States.[82]  Indeed, the *Navarro-Vargas* majority itself described California's use of mandatory terminology in section 939.8 as part of its survey of how the matter had been addressed in different States— without suggesting that such mandatory language was constitutionally impermissible when used by California and other States.[83]

Furthermore, the meaning of the grand jury clause of the Fifth Amendment does not necessarily inform the meaning of the indictment clause of the California Constitution.  Indeed, the indictment clause of the California Constitution is part of a pretrial screening process that differs significantly from its federal counterpart.  Most significantly, in the federal system, "a felony prosecution simply cannot proceed without

---

[78] *Id*. at p. 1203.

[79] *Ibid*.

[80] *Id*. at p. 1205, quoting *United States v. Marcucci* (9th Cir. 2002) 299 F.3d 1156, 1159.

[81] *Ibid*.

[82] *People v. Henson*, *supra*, 13 Cal.5th at p.  589 ("It has long been held that the Fifth Amendment's guarantee of indictment by grand jury does not apply to the states"); see *Hurtado v. California* (1884) 110 U.S. 516, 538.

[83] *United States v. Navarro-Vargas*, *supra*, 408 F.3d at p. 1197.

14

the approval of the grand jury."[84]  This makes the federal grand jury an effective shield from prosecution.[85]  In stark contrast, the California Constitution gives the district attorney discretion to bypass the grand jury by submitting the case to a magistrate for a preliminary examination.[86]

For these reasons, *Navarro-Vargas* does not cause us to question the constitutionality of the statement in section 939.8 that the grand jury "shall" return an indictment if it concludes that there is probable cause, nor our conclusion that the grand jury may be instructed to that effect.

### *Due Process*

The requestor also states that instructing a grand jury based on the ordinary, mandatory reading of section 939.8 would raise substantial questions regarding the grand jury's "independence."[87]  This arguably implicates the rule that, as a matter of due process, there must be a pretrial screening process that is impartial and independent of the prosecution.[88]  We therefore consider whether requiring the grand jury to return an indictment upon a showing of probable cause might lead the grand jury to believe that it is "beholden to the prosecutor during the decisionmaking process."[89]  We conclude that the ordinary meaning of the word "shall" as used in section 939.8 does not impair the impartial and independent nature of the grand jury.

As previously discussed, the statement in section 939.8 that the grand jury "shall" find an indictment applies if and only if the grand jury has already determined that there is probable cause.[90]  And the statute does not in any way suggest that the grand jury must conclude that there is probable cause in a particular case.  Nor does it suggest that negative consequences might befall the grand jurors individually or collectively if they do not conclude that there is probable cause.  We therefore conclude that instructing a jury on the ordinary and mandatory meaning of the word "shall" as used in section 939.8— and in any instruction to the grand jury that tracks the statute's terminology—does not

---

[84] *United States v. Navarro-Vargas*, *supra*, 408 F.3d at p. 1213 (dis. opn. of Hawkins, J.).

[85] See *ibid*.

[86] Cal. Const. art I, § 14; see *Bowens v. Superior Court*, *supra*, 1 Cal.4th at pp. 43-44; see also *Sherwood v. Superior Court* (1979) 24 Cal.3d 183, 187.

[87] Requestor Letter, *supra*, at p. 5.

[88] *Avitia v. Superior Court* (2018) 6 Cal.5th 486, 494-495.

[89] *Id*. at p. 498.

[90] Pen. Code, § 939.8 (the grand jury shall find an indictment "when" it determines that there is probable cause).

15

raise significant concerns about the defendant's "substantial right to an impartial and independent grand jury."[91]

In sum, we conclude that Penal Code section 939.8 requires a grand jury to return an indictment if the grand jury concludes that there is probable cause, and that the grand jury may be so instructed.

---

[91] *Avitia v. Superior Court*, *supra*, 6 Cal.5th at p. 495.